IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **ALEX F. FLETCHER,** | Case Number 3:16 CV 945 |
| Petitioner, | Judge James G. Carr |
| v. | REPORT AND RECOMMENDATION |
| **MARGARET BRADSHAW,** | |
| Respondent. | Magistrate Judge James R. Knepp II |

### INTRODUCTION

Alex F. Fletcher, a *pro se* Ohio prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Respondent filed an answer (Doc. 9), Petitioner filed a reply (Doc. 10), and Respondent filed a sur-reply (Doc. 11). This cause is before the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) for findings of fact, conclusions of law, and recommendations. For the reasons stated below, the undersigned recommends the Petition be denied.

### FACTS

On April 17, 2014, an Ottawa County, Ohio grand jury indicted Fletcher on one count of inducing panic in violation of Ohio Rev. Code § 2917.31(A)(1), one count of disrupting public services in violation of Ohio Rev. Code § 2909.04(A)(3), and on count of aggravated robbery in violation of Ohio Rev. Code § 2911.01(A)(1). *State v. Fletcher*, No. OT-14-033, 2015 WL 5774206, at *1 (Ohio Ct. App. Sept. 30, 2015).

Fletcher, who was represented by counsel, entered into a plea agreement and pleaded guilty to robbery and complicity to disrupt public services. *Id*. The prosecution dismissed the inducing

panic charge. *Id*. The trial court found Fletcher guilty of robbery in violation of Ohio Rev. Code § 2911.02(A)(1), a felony of the second degree, and complicity to disrupt public services in violation of Ohio Rev. Code §§ 2923.03(A)(2) and 2929.04(A)(3), a felony of the second degree. *Id*. at *3. Fletcher was sentenced to eight years of imprisonment for the robbery conviction and a consecutive eighteen months of imprisonment for the complicity to disrupt public services conviction, resulting in an aggregate sentence of nine and one-half years of imprisonment. *Id*.

Fletcher then a filed an appeal with the Ohio Court of Appeals arguing:

> 1. Appellant's guilty plea was involuntary and unknowing when the trial court misinformed him about judicial release and post-release control.
>
> 2. The maximum and consecutive sentence is not supported by clear and convincing evidence.

*Id*.

On September 30, 2015, the Ohio Court of Appeals affirmed the trial court's judgment. *Id*. at *7.

Fletcher, through counsel, filed a timely notice of appeal with the Supreme Court of Ohio. In his memorandum requesting the court to accept jurisdiction of the appeal, Fletcher raised the following arguments:

> 1. When the record does not disclose that a plea was voluntarily and intelligently made, that defendant is denied due process under the Fourteenth Amendment to the United States Constitution.
>
> 2. When appellate counsel files (sic) to raise a claim of trial counsel ineffectiveness that is clear on the face of the record, Fletcher is denied his right to the effective assistance of appellate counsel under the Sixth Amendment to the United Stated (sic) Constitution.

(Doc. 9–1, at 99).

The Supreme Court of Ohio declined to accept jurisdiction of the appeal. *State v. Fletcher*, 44 N.E.3d 289 (Ohio 2016) (table). Fletcher did not file a petition for a writ of certiorari with the United States Supreme Court.

Fletcher's habeas corpus petition was filed with this Court on April 14, 2016. *See Houston v. Lack*, 487 U.S. 266, 270 (1988); (Doc. No. 1, at 9). In his petition, Fletcher raises one ground for relief: "FLETCHER WAS DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL UNDER THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION WHEN COUNSEL FAILES [sic] TO RAISE A CLAIM OF TRIAL COUNSEL INEFFECTIVENESS THAT IS CLEAR ON THE FACE OF THE RECORD." (Doc. 1, at 5).

### STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court cannot grant a habeas corpus petition with respect to any claim that was adjudicated on the merits in the state courts unless the adjudication resulted in a decision that: (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. § 2254(d). Under the contrary to clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000). Under the unreasonable application clause, a federal court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the petitioner's case. *Id.* at 413. To obtain habeas corpus relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103

3

(2011).

To analyze whether a state court decision is contrary to or an unreasonable application of clearly established Supreme Court precedent, courts look only to the holdings of the Supreme Court's decisions as of the time of the relevant state court decision. *Lockyer v. Andrade*, 538 U.S. 63, 71–72 (2003). The state court's factual findings are presumed correct unless rebutted by the habeas corpus petitioner by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013); *McAdoo v. Elo*, 365 F.3d 487, 493–94 (6th Cir. 2004).

## DISCUSSION

Before seeking a writ of habeas corpus in federal court, a petitioner must first exhaust his state court remedies before a federal court can grant relief on a constitutional claim. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). This requirement is designed to give state courts the initial opportunity to pass upon and, if necessary, correct errors of federal law in a state prisoner's conviction or sentence. *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971). "The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).

To properly exhaust state remedies, the petitioner must fairly present a claim in each of the appropriate state courts, including a state supreme court, in a procedurally appropriate manner. *O'Sullivan*, 526 U.S. at 845. In Ohio, this requires direct and delayed appeals to the Ohio Court of Appeals and the Supreme Court of Ohio. *See Allen v. Perini*, 424 F.2d 134, 140 (6th Cir. 1970).

As the Supreme Court noted in *Picard*,

4

> If the exhaustion doctrine is to prevent unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution, it is not sufficient merely that the federal habeas applicant has been through the state courts. The rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts. Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts.

*Picard*, 404 U.S. at 275–76 (internal quotation marks and citations omitted).

In Ohio, a criminal constitutional question cannot be raised in the Supreme Court of Ohio unless it was presented and argued in the lower court. *State v. Phillips*, 272 N.E.2d 347, 352 (Ohio 1971). Where an appeal is taken to the Supreme Court of Ohio, the court will not consider or determine errors that were not raised and preserved in the court of appeals. *Id.* Thus, an issue raised for the first time in the Supreme Court of Ohio is waived. It will not be reviewed by the Supreme Court of Ohio, and the issue is deemed not to have been properly exhausted for federal habeas review. *See Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir. 1985); *Phillips*, 272 N.E.2d at 352.

The failure to properly present a federal ground to the state courts constitutes procedural default or waiver barring habeas corpus review. *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996); *see also Leroy*, 757 F.2d at 99. When the petitioner fails to fairly present to the state courts the claim on which he seeks relief in federal court, and the opportunity to raise that claim in state court has passed, the petitioner has procedurally defaulted that claim. *O'Sullivan*, 526 U.S. at 853–54.

A habeas corpus petitioner procedurally defaults a claim if:

> (1) the petitioner fails to comply with a state procedural rule; (2) the state courts enforce the rule; (3) the state procedural rule is an adequate and independent state ground for denying review of a federal constitutional claim; and (4) the petitioner cannot show cause and prejudice excusing the default.

*Guilmette v. Howes*, 624 F.3d 286, 290 (6th Cir. 2010) (citations omitted); *see also Maupin v. Smith*,

785 F.2d 135, 138 (6th Cir. 1986).

The "cause" standard in procedural–default cases requires a petitioner to show that "some objective factor external to the defense impeded" his efforts to raise a claim in the state courts. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991) (internal quotation marks omitted). Such factors may include interference by officials, an attorney error rising to the level of ineffective assistance of counsel, or a showing of a factual or legal basis for a claim that was not reasonably available. *Id*. at 493–94.

Fletcher's ineffective assistance of appellate counsel argument is procedurally barred from habeas corpus review. Although the claim was presented to the Supreme Court of Ohio on direct review, Fletcher failed to first present the argument before the Ohio Court of Appeals in a Ohio R. App. P. 26(B) motion. As the United States Court of Appeals for the Sixth Circuit has explained:

> although a defendant may raise the ineffective assistance of counsel issue in both a timely direct appeal and a timely application under Rule 26(B), the Ohio Supreme Court's denial of the discretionary appeal does not exhaust the issue because the court of appeals is nevertheless obliged to address the application on the merits. In other words, raising a claim for ineffective assistance of appellate counsel in a discretionary appeal to the Ohio Supreme Court, without addressing the claim through Ohio Appellate Rule 26(B), does not satisfy the exhaustion requirement unless the Ohio Supreme Court addresses the issue on the merits. Goldberg does not claim to have filed a Rule 26 motion; nor does he argue that he could now do so given the relevant deadline.

*Goldberg v. Maloney*, 692 F.3d 534, 538 (6th Cir. 2012).

Unexhausted claims may be deemed procedurally defaulted if the state offers no mechanism through which the petitioner could return to state court and exhaust the claim. *See Alley v. Bell*, 307 F.3d 380, 385 (6th Cir. 2002). A Rule 26(B) application must be filed within ninety days from when the appellate judgment is journalized. Ohio App. R. 26(B)(1). A violation of the timeliness requirements of an application for reopening an appeal, "constitute adequate and independent state grounds to preclude hearing an untimely claim on the merits." *Baker v. Bradshaw*, 495 F. App'x

560, 565 (6th Cir. 2012).

Because Fletcher did not file a timely Rule 26(B) motion with the Ohio Court of Appeals raising his ineffective assistance of appellate counsel claim, and the time for him to do so has now passed, the the issue is deemed not to have been properly exhausted for federal habeas corpus review. *Goldberg*, 692 F.3d at 538. Further, Fletcher has not established cause and prejudice to excuse the default, *Maupin*, 785 F.2d at 138, nor has he shown the alleged constitutional violation "probably resulted in the conviction of one who is actually innocent . . . ." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

### CONCLUSION AND RECOMMENDATION

Accordingly, the undersigned recommends that Fletcher's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied.

    s/James R. Knepp II
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time *WAIVES* the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).