IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Alex F. Fletcher                                                      Case No.: 3:16CV00945

      Petitioner,

v.                                                                              **ORDER**

Margaret Bradshaw, Warden,

      Respondent.


This is a state court prisoner's petition for habeas corpus relief under 28 U.S.C. § 2254. (Doc. 1). Petitioner asserts a single ground for relief: namely, that his appellate counsel failed to provide effective assistance of counsel when he failed to assert ineffectiveness of trial counsel.

The gravamen of petitioner's claim is that his plea of guilty was facially involuntary and unknowing and, thus, invalid due to his trial attorney's constitutionally inadequate representation.

On referral, United States Magistrate Judge James R. Knepp, II, has filed a Report and Recommendation. (Doc. 12). Judge Knepp concluded as to petitioner's sole claim for relief that he had failed to exhaust his state court remedies. Judge Knepp also found the claim procedurally defaulted.

Petitioner filed a timely Objection to the Report and Recommendation. (Doc. 13). The respondent has filed a response thereto. (Doc. 14).

For the reasons that follow, I find the petitioner's Objection to be without merit. Accordingly, I adopt the Magistrate Judge's Report and Recommendation and dismiss the petition. Because jurists of reason could not disagree with this opinion and order or the Magistrate Judge's Report and Recommendation, I decline to issue a certificate of appealability.

## Background

The petitioner pleaded guilty in the Ottawa County, Ohio, Court of Common Pleas pursuant to a plea agreement to charges of robbery and complicity to disrupt public services. The trial court sentenced the petitioner to eight years imprisonment for the robbery conviction and a consecutive eighteen-month term for the complicity to disrupt public services conviction, resulting in an aggregate sentence of nine and one-half years.

Petitioner then filed an appeal with the Ohio Court of Appeals in which he claimed: 1) his guilty plea was involuntary and unknowing due to misinformation from the trial court regarding judicial release and post-release control; and 2) clear and convincing evidence did not support his maximum and consecutive sentence. The Court of Appeals affirmed the trial court's judgment.

Petitioner sought review in the Ohio Supreme Court, asserting: 1) violation of due process due to the failure of the record to disclose that his plea was voluntarily and intelligently made; and 2) ineffective assistance of appellate counsel due to the failure to raise a claim of ineffective assistance of trial counsel. The Supreme Court of Ohio declined to accept jurisdiction of the appeal.

## Discussion

As noted above, Judge Knepp concluded the petitioner had not exhausted his state court remedies. To do so, the petitioner must have fairly presented in accordance with state procedural requirements the claim he asserts in his habeas petition. *E.g., O'Sullivan v. Boerckel*, 526 U.S. 838,

845 (1999). In this case, that meant that petitioner had to present his challenge on direct and delayed appeals to the state appellate court and then to the Ohio Supreme Court. *E.g., Allen v. Perini*, 424 F.2d 134, 140 (6th Cir. 1970).

Exhaustion cannot occur in Ohio where the petitioner first presented his or her claim in the Ohio Supreme Court. *E.g., State v. Phillips*, 272 N.E.2d 347, 352 (Ohio 1971). Where the petitioner bypassed the lower Ohio courts, the issue he or she seeks to assert in federal court has not been exhausted in accordance with state procedural mandates. *E.g., Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir. 1985). Aside from not accomplishing exhaustion, such bypassing constitutes procedural default or waiver–barring federal habeas review. *E.g., Gray v. Netherland*, 518 U.S. 152, 161–62 (1996). Generally, a petitioner can overcome this procedural bar only if he or she shows cause for and prejudice from the default. *E.g., Guilmette v. Howes*, 624 F.3d 286, 290 (6th Cir. 2010).

Otherwise, exhaustion in such circumstances can occur only where the Ohio Supreme Court has adjudicated the issue on its merits. *Goldberg v. Maloney,* 692 F.3d 534, 538 (6th Cir. 2012).

In the face of these bedrock doctrines and their preclusive effect, the petitioner argues in his objection to Judge Knepp's application of those doctrines that he, in fact, exhausted his state court remedies properly *via* his submission to the Ohio Supreme Court, which was the only occasion among the Ohio courts in which he asserted the claim he asserts here.

In making this claim, petitioner relies on the argument that *Goldberg, supra*, 692 F.3d 534, is not controlling. Instead of applying that case, the petitioner claims, Judge Knepp should have followed the later panel decision in *Thompson v. Warden*, 598 F.3d 281 (6th Cir. 2010). According to the petitioner, because *Thompson* preceded *Goldberg*, it has controlling precedential force.

3

But, as the respondent's reply points out, in *Thompson*, unlike in *Goldberg* and the present case, the respondent waived the petitioner's procedural default defense. Further, as the respondent's reply states, the court in *Thompson* did not address the availability for the petitioner to move to reopen his appeal *via* Ohio App. R. 26(B), *res judicata*, or *State v. Davis*, 119 Ohio St.3d 422, 2008-Ohio-4608, 894 N.E.2d 1221 (holding that a pending appeal claiming ineffective assistance of appellate counsel does not deprive the appellate court of jurisdiction regarding a Rule 26(B) application and that the Supreme Court's declination to hear a case is not a decision on the merits with *res judicata* effect).

In light of those aspects of *Thompson*, I agree with the respondent that Judge Knepp properly applied *Goldberg* and the bedrock doctrines discussed above. In doing so, Judge Knepp followed the approach of other Judges in this District, *e.g.*, *Linde v. Turner*, 2016 WL 1275729, at *7, *R&R adopted*, 2016 WL 1259863 (N.D. Ohio), and the Southern District. *E.g., Sluss v. Warden, Chillicothe Corr. Inst.*, 2016 WL 4533269, at *10-12 (S.D. Ohio).

**Conclusion**

Thus, on review of Judge Knepp's concise but thorough consideration of the merits of petitioner's challenge to his conviction, I find no merit to the petitioner's Objection to his Report and Recommendation.

It is, accordingly,

ORDERED THAT:

1. The Magistrate Judge's Report and Recommendation (Doc. 12) be, and the same hereby is, adopted as the order of this Court; and

2.       The petition for a writ of habeas corpus (Doc. 1) be, and the same hereby is, dismissed, with prejudice.

Jurists of reason could not reasonably dispute the rationale and result of Magistrate Judge Knepp's Report and Recommendation or the rationale and result of this opinion and order finding the petitioner's Objection to the Report and Recommendation without merit; accordingly, I decline to issue a certificate of appealability.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge